# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CLIFTON DARNELL ROBINSON,

          Plaintiff,

v.

DEPARTMENT OF CORRECTIONS and WELLPATH,

          Defendants.

Case No. 23-CV-844-JPS

**ORDER**

Plaintiff Clifton Darnell Robinson, an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On December 11, 2023, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 26. On December 21, 2023, Plaintiff filed an amended complaint. ECF No. 27. This Order screens Plaintiff's amended complaint.

1. **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Plaintiff names the Department of Corrections ("DOC") and Wellpath as the two defendants in this case. ECF No. 27 at 1. While at Dodge Correctional Institution, Plaintiff was given unclean sheets and blankets that gave him a fungus on his stomach that later spread to his back. *Id.* at 2. Plaintiff took a shower on May 8, 2023, and noticed the issue *Id.* Plaintiff

alleges that staff knew the sheets were unclean because he brought the issue to their attention. *Id.* Staff knew Plaintiff was having an ongoing issue and Plaintiff believes they were deliberately indifferent to his medical needs and ignored the problem until he got a biopsy done. *Id.* at 2–3.

3.   **ANALYSIS**

The Court finds that Plaintiff may not proceed on an Eighth Amendment conditions of confinement claim. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

Here, Plaintiff alleges that he was subjected to unclean sheets and blankets that caused him to develop a rash/fungus on his body. Plaintiff

alleges unclean bedding for a relatively short period of time, although it is not entirely clear exactly how long Plaintiff experienced this condition. Courts have found that unclean bedding or clothing for certain lengths of time, although unpleasant, does not rise the level of an Eighth Amendment violation. *See Perkins v. Sheahan*, 2005 WL 1564976, at *3 (N.D. Ill. May 10, 2005) ("Being denied clean clothes and bedding for thirty days, though unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim."); *Moss v. DeTella*, 1997 WL 24745, at *2 (N.D. Ill. Jan. 16, 1997) (holding that lack of clean clothes and bedding for 111 days did "not rise to the level of a constitutional violation"). Plaintiff's allegations of unclean bedding for a relatively short period of time do not rise to the level of an Eighth Amendment claim. As such, the Court finds that Plaintiff fails to state an Eighth Amendment claim based on his conditions of confinement.

Similarly, the Court will also not allow Plaintiff to proceed on a claim for deliberate indifference to a serious medical need. Plaintiff's allegations do not contain any specific information about him actually requesting medical treatment and being denied treatment. Although the Court liberally construes Plaintiff's amended complaint, it does not find that he has plead factual content that allows it to draw the reasonable inference that Defendants are liable for the misconduct alleged. *See Ashcroft*, 556 U.S. at 678. As such, Plaintiff fails to state an Eighth Amendment claim for deliberate indifference to his serious medical need.

**4.    CONCLUSION**

The Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the

Page 4 of 6
Case 2:23-cv-00844-JPS   Filed 02/29/24   Page 4 of 6   Document 28

initial screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court is obliged to dismiss this action for the failure to state a claim and will accordingly assess a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of February, 2024.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.